UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GARREN BRAILEY** | * | **CIVIL NO. 6:14-0754** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **F.H. CANN & ASSOCIATES, INC**. | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion to Dismiss filed by the defendant, F.H. Cann & Associates ("Cann"). [rec. doc. 10]. *Pro se* plaintiff Garren Brailey ("Brailey") filed Opposition, to which Cann filed a Reply. [rec. docs. 17 and 21]. Oral argument of the Motion, was set for November 19, 2014; Brailey did not appear. [rec. docs. 16 and 22]. Accordingly, the Motion was taken under advisement on the record and briefs before the Court. [rec. doc. 22].

For those reasons set out below, it is recommended that the Motion to Dismiss be **granted in part and denied in part** and, accordingly, all of Brailey's claims except his FDCPA claims under § 1692e(11) and 1692(g), pending the filing of an amended complaint, should be **dismissed with prejudice**.

## BACKGROUND

Brailey filed the instant lawsuit against Cann on April 4, 2014. [rec. doc. 1]. Thereafter, on July 21, 2914, prior to the time that Cann filed responsive pleadings, Brailey filed an Amended Complaint. [rec. doc. 6]. In his Amended Complaint, plaintiff alleges causes of action under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681

*et seq.*, the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et seq*.

In support of his claims, Brailey alleges the following facts. Cann is both a "furnisher of information" as defined by the FCRA and a "debt collector" as defined by the FDCPA. [rec. doc. 6, ¶ 8 and 9]. On July 11, 2011, Cann initiated a credit pull, without a permissible purpose, related to the collection of a debt. [*Id.* at ¶ 11 and 13]. Brailey "disputed the impermissible credit pull" by March 21, 2013 letter to the credit reporting agency, Transunion; Transunion received the letter on March 25, 2013 and allegedly forwarded same to Cann. [*Id.* at ¶ 12].

At 4:04 p.m. on March 25, 2013, Cann dialed Brailey's cellular telephone, causing the phone to "repeatedly" ring. [*Id.* at ¶ 21]. The call, however, went unanswered. [*See* Complaint, Ex. B].

On April 5, 2013, Brailey sent Cann a "dispute as well as a request for validation." [*Id.* at ¶ 22]. Cann allegedly did not verify or validate the debt. [*Id.* at ¶ 23]. Cann allegedly continued to enforce and collect the alleged debt. [*Id.* at ¶ 24]. In support of Cann's alleged continuing attempts to collect the debt, Brailey attaches an April 18, 2013 letter received from Cann, apparently in response to his request for validation which reads, in toto, "Enclosed please find a copy of your Application and Promissory Note. Thank you." The bottom of the letter indicates "This communication is from a debt collector." [*See* Complaint, Ex. C].

2

By this Motion to Dismiss, Cann contend that Brailey's claims should be dismissed pursuant to FRCP 12(b)(6) because Brailey has failed to state claims upon which relief may granted. More specifically, Cann contends that it did not violate the FCRA because, as a debt collector, Cann had a permissible purpose to make a credit inquiry, that Brailey's FDCPA claim is time-barred and that it did not violate the FDCPA by placing a single unanswered phone call, and that Brailey has not plead sufficient facts to support a claim under the TCPA because there are no allegations that Cann used an automated telephone dialing system ("ATDS") or prerecorded or artificial voice to call Brailey's cellular telephone.

By Opposition, Brailey alleges facts in support of his FDCPA claim which are not contained in his Complaint or Amended Complaint: that Cann sent him an email on April 12, 2013 in which Cann states that it had a permissible purpose for initiating a credit pull on plaintiff because the credit pull was in furtherance of Cann's efforts to collect a past due balance on a credit transaction; Cann also indicated available repayment options. On June 3, 2013, plaintiff sent Cann a "notice of pending litigation", to which Cann replied by letter dated June 13, 2013, the bottom of which contained a warning that "this is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector." In the event that this Court finds plaintiff's Complaint and Amended Complaint are insufficient, Brailey requests leave to file a second amended complaint.

**Rule 12(b)(6) Motion to Dismiss Standard**

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *Kennedy v. Chase Manhattan Bank USA, NA,* 369 F.3d 833, 839 (5th Cir. 2004); F.R.C.P. 12(b)(6).[1]

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) *quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming,* 281 F.3d at 161-162 *quoting Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Harold H.*

---

[1] In this case, all of the documents considered by this Court were attached to, or referred to, in Brailey's Amended Complaint and are central to his claims. Accordingly, the instant Motion has not been converted to a Motion for Summary Judgment.

*Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"A claim for relief is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Harold H. Huggins Realty, Inc.*, 634 F.3d at 796 *quoting Iqbal*, 129 S.Ct. at 1949. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) *citing Iqbal*, 556 U.S. at 682-683 and *Twombly,* 550 U.S. at 557. "However, a complaint is insufficient if it offers only 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* at 763-764 *quoting Iqbal*, 556 U.S. at 678 *quoting Twombly*, 550 U.S. at 555.

"Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555; *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013). Thus, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombley,* 127 S.Ct. at 1965 *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 at fn. 27 (5th Cir. 2009). If a plaintiff fails to allege facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombley,* 127 S.Ct.

at 1974; *Malik v. Continental Airlines, Inc.*, 305 Fed. Appx. 165, 167 (5th Cir. 2008); *Mitchell v. Johnson*, 2008 WL 3244283, *2 (5th Cir. 2008).

## LAW AND ANALYSIS

### I. Claim asserted under the FCRA

Brailey alleges that Cann obtained his consumer credit report without a permissible purpose, in violation of 15 U.S.C. § 1681b(f).

The FCRA imposes civil liability upon a person who willfully obtains a consumer report for a purpose that is not authorized by the FCRA. *Norman v. Northland Group, Inc.*, 495 Fed. Appx. 425, 426, 2012 WL 5195965, at *1 (5th Cir. 2012) *citing* 15 U.S.C. §§ 1681b(f), 1681n(a). However, the statute expressly permits distribution of a consumer report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." *Id. citing* § 1681b(a)(3)(A). Thus, a debt collector or collection agency, such as Cann, has a permissible purpose in obtaining a consumer credit report in connection with the collection of an account of a consumer. *Id.*; *Davis v. Schwab*, 2013 WL 704332, *3 (N.D. Tex. 2013).

Plaintiff's own allegations establish that Cann is a debt collector who made an inquiry on his credit report for the purpose of collecting a debt. While Brailey argues that he and Cann have no "established business relationship" and that he therefore did not have a direct debtor-creditor relationship with Cann, no such relationship is required

6

under the FCRA. *Norman*, 495 Fed. Appx. at 427.

The allegations in Brailey's Amended Complaint and the attached exhibits show that Cann had a permissible purpose to access Brailey's consumer credit report – Cann's credit report inquiry was for the permissible purpose of collection of an account under § 1681b(a)(3)(A). Accordingly, Brailey has not stated a claim under FCRA. Plaintiff presents no additional facts which he could assert in support of his FCRA claim, and under the circumstances, the Court cannot envision any such facts which could provide a basis for plaintiff's claim under the FCRA. Plaintiff has stated his best case in his Complaint and Amended Complaints. Therefore, amendment should be denied and Brailey's FCRA claim should be dismissed.

## II. Claims asserted under the FDCPA

Brailey alleges that Cann violated § 1692d(5) of the FDCPA by dialing Brailey's cellular telephone, causing the "phone to ring repeatedly." [rec. doc. 6, ¶ 34(c)].

He additionally alleges violations of § 1692b(1) and § 1692d(6) for Cann's alleged failing to identify itself [*Id.* at ¶ 34(a)]; violations of § 1692b(3) and (5) for Cann's alleged calling without permission and using language or symbols indicating debt collection in a communication, respectively [*Id.* at ¶ 34(b) and (g)[2]]; a violation of § 1692e(10) for Cann's alleged use of false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer [*Id.* at ¶ 34(d)]; a

---

[2]Brailey has mislabeled this paragraph as paragraph (e). The paragraph follows (f) and another paragraph labeled "(e)" appears above paragraph (f).

violation of §1692e(11) for Cann's alleged failure to disclose in the initial written communication that it is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose and the alleged failure to disclose in subsequent communications that the communications were from a debt collector [*Id.* at ¶ 34(e)]; and a violation of § 1692g(a) for Cann's alleged failure to provide written notice within five days after the initial communication. [*Id.* at ¶ 34(f)]. In his Complaint and Amended Complaint, Brailey provides no factual basis to support these additional claims.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA therefore prohibits conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692g. The FDCPA creates a private cause of action against debt collectors who violate its provisions. 15 U.S.C. § 1692k.

**§ 1692d(5) Claim**

It is clear that plaintiff has not stated a cause of action under § 1692d(5) of the FDCPA. Brailey contends that Cann violated section 1692d(5) of the FDCPA by Cann's having placed a single unanswered call to Brailey's cellular telephone. Section 1692d prohibits a debt collector from "engaging in any conduct the natural consequence of

which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This provision of the FDCPA lists nonexclusive examples of the types of conduct prohibited by the Act, and includes under subsection 5: "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

Under this statute, intent to harass "may be inferred from the frequency, pattern, or substance of the telephone calls that [the debtor] received from the debt collector or the place to which the calls were made." *Karp v. Financial Recovery Services, Inc.*, 2013 WL 6734110, *6 (W.D. Tex. 2013) (and cases cited therein). "There is no bright line rule as to the specific amount or pattern of calls sufficient to raise a fact issue regarding the intent to annoy, abuse, or harass; courts simply disagree on the amount or pattern of calls needed to raise a triable fact issue." Id.  However, to state a claim under the FDCPA , the plaintiff must still allege facts sufficient to support a finding of an intent to harass. *Id*.

In this case, it is undisputed that Cann placed a single call to Brailey, and that call went unanswered.  Even viewed in the light most favorable to Brailey, that single unanswered call is legally insufficient to state a claim for relief under § 1692d(5). *Id*. at *7 (six calls to plaintiff over a two-week period did not establish an intent to harass) *citing Bell v. CSD Collection Specialist*, 2013 WL 311841 (M.D. La. 2013) (holding that collector's five calls to plaintiff on four days over a thirteen day period did not raise a genuine issue of material fact regarding whether debt collector harassed debtor) and *Udell*

9

*v. Kansas Counselors, Inc.*, 313 F.Supp.2d 1135, 1143-1144 (D. Kan. 2004) (fact that debt collector placed four automated telephone calls to consumers over course of seven days without leaving message did not, as matter of law, constitute harassment under FDCPA).

Moreover, to the extent that Brailey relies on his allegation that the call occurred during his work hours, that fact is likewise insufficient to state a plausible claim. Simply calling a consumer's place of employment, standing alone, has been held insufficient support a finding of harassment. *Id*. at 7. No additional amendment can cure this deficiency. For these reasons, Brailey's FDCPA claim asserted under 15 U.S.C. § 1692d(5) must be dismissed.

**§ 1692d(6) Claim**

Brailey asserts that Cann violated § 1692d(6) for Cann's alleged failing to identify itself, purportedly when it placed the single unanswered call to Brailey's cellular telephone on March 25, 2013. As noted above, § 1692d prohibits a debt collector from "engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Included in the nonexclusive examples of the types of conduct prohibited by the Act, under subsection 6 is "the placement of telephone calls without meaningful disclosure of the caller's identity."

For the reasons set forth above, the single unanswered call to Brailey's cellular telephone does not constitute harassment in violation of § 1692d(6). For this reason alone, Brailey's § 1692d(6) claim is subject to dismissal.

Moreover, the only colorable violation of § 1692d(6) that the court can envision is the fact that Cann apparently did not leave a message for Brailey when the March 25, 2013 call went unanswered. Section 1692d(6) does not, when read in isolation, specify whether a debt collector who calls a consumer must leave a message when the consumer does not answer the call. However, when this provision is read in conjunction with the entirety of § 1692d, it is clear that not leaving a message when the phone call is unanswered is not the type of conduct that can be said to be harassing, oppressive, or abusive conduct that violates the statute.[3] Indeed, at least one district court has so held. *Udell,* 313 F.Supp.2d at 1143 *citing U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 455, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993).

In this case, Brailey alleges that Cann simply placed a single telephone call and apparently chose not to leave a message. There is nothing harassing, oppressive, or abusive about this conduct and certainly does not fall within the realm of the other types of egregious conduct specifically prohibited by § 1692d. Accordingly, Brailey has failed

---

[3] Section 1692d generally prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct. Without limiting that general prohibition, it specifically prohibits using or threatening to use violence or criminal means to harm anyone; using obscene, profane, or abusive language; publishing deadbeat lists; making repeated telephone calls intended to annoy or harass; and of course making telephone calls without disclosing the caller's identity, which is the complained of conduct here. *See* § 1692d(1)- (6)

to state a legally cognizable claim under § 1692d(6). That claim must likewise therefore be dismissed.

### § 1692b Claims

Plaintiff has asserted several violations of § 1692b for Cann's alleged failure to identify itself (§ 1692b(1)), calling without permission (§ 1692b(3)) and using language or symbols indicating debt collection in a communication (§ 1692b(5). Although Brailey has plead no facts to support any of these claims, they must be dismissed, without permitting further amendment, because Brailey cannot state a claim under any subsection of this statute. Section 1692b prohibits debt collectors from engaging or failing to engage in specified conduct "with any person other than the consumer. . . ." In this case, Brailey has alleged that he is a "consumer" within the meaning of the FDCPA. [rec. doc. 6, ¶ 6, citing 15 U.S.C. § 1692a(3). As such, this statute is inapplicable to Brailey. Accordingly, Brailey's claims under § 1692b of the FDCPA must be dismissed.

### § 1692e(10) Claim

Brailey conclusorily alleges that Cann violated § 1692e(10) by allegedly using "false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer." [rec. doc. 6, at ¶ 34(d)]. He makes no supporting allegations in his Complaint or Amended Complaint as to how Cann's actions or correspondences were false, deceptive, misleading or otherwise in violation of this subsection of the statute. Indeed, Brailey alleges no facts that Cann made any representations to him regarding a debt that could be considered false, misleading, or

12

deceptive. To the contrary, the only communications mentioned by Brailey with regards to his FDCPA claim is that he received a single unanswered call on March 25, 2013 and an April 18, 2013 letter from Cann apparently in response to Brailey's request for validation which merely encloses copies of a credit application and promissory note presumably executed by Brailey.

Moreover, the letter prominently indicates that this correspondence was being sent from a debt collector. There is no mention in the complaint or amended complaint of any other activity on the part of Cann relating to plaintiff's FDCPA claim. Accordingly, Brailey's § 1692e(10) claim is subject to dismissal. *See Davis v. Schwab,* 2013 WL 704332, *2 (N.D. Tex. 2013).

While Brailey has also now claimed by opposition to the instant Motion that Cann emailed him on April 12, 2013 to advise Brailey of its permissible purpose for initiating a credit pull on plaintiff and sent him a letter on June 13, 2013 in response to correspondence sent by Brailey, nothing in those claimed correspondences suggests any false, misleading or deceptive representations. To the contrary, Brailey admits that the email disclosed Cann's status as a debt collector and that the credit pull was in furtherance of Cann's efforts to collect a past due balance on a credit transaction; he further admits that the June 3, 2013 letter disclosed Cann's status as a debt collector and contained a required statutory warning that Cann was attempting to collect a debt and that any information obtained will be used for that purpose.

13

In sum, Brailey does little more than recite the elements of the cause of action he alleges. However, such allegations, which merely parrot the language of the statute, are insufficient to state a facially plausible claim, and Brailey presents no new facts in his opposition which could, by second amended complaint, cure the deficiencies in his present allegations. Brailey's § 1692e(10) FDCPA claim must therefore be dismissed.

**§ 1692e(11) and 1692g Claims**

Brailey also alleges that Cann violated §1692e(11) of the FDCPA because Cann allegedly failed to disclose in its initial written communication that it is a debt collector attempting to collect a debt and that any information obtained will be used for that purpose, and allegedly failed to disclose in subsequent communications that the communications were from a debt collector, as well as a claim that Cann violated §1692g(a) because Cann allegedly failed to provide written notice within five days after the initial communication.

While it is clear that Brailey's present allegations in his Complaint and Amended Complaint do not set forth a cause of action under either subsection of the statute. Brailey has claimed in his Opposition that there were two more communications from Cann to him which have not yet been set forth in his pleadings – an April 12, 2013 email to advising Brailey of its permissible purpose for initiating a credit pull on plaintiff and sent a June 13, 2013 letter in response to correspondence sent by Brailey. From plaintiffs' factual allegations, both plead and unplead, it appears that the April 12, 2013 email may

have been Cann's initial written communication to Brailey, the trigger upon which both the cited statutes rely.[4] Brailey provides little detail about the full content of the email. He does, however, alternatively request an opportunity to amend his Complaint in the event the Court finds deficiencies in his pleadings.

In its Motion to Dismiss, Cann has not addressed Brailey's claims under either statutory subsection. Moreover, by Reply, Cann does not fully address Brailey's unplead factual allegations, instead arguing that Brailey has already filed an Amended Complaint

---

[4]Subsection 1692e(11) provides as follows:
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . . .
(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Subsection 1692g(a) provides as follows:
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

and cannot further amend his Complaint through the filing of a brief.

Under the circumstances, considering Brailey's *pro se* status and that courts generally refer to the FDCPA as a "strict-liability statute" that imposes liability on debt collectors even for inadvertent violations[5], Brailey should be permitted to allege additional facts in support of his claims under § 1692e(11) and 1692(g), reserving Cann's right to again challenge the sufficiency of the Amended Complaint by appropriate Motion.

For these reasons, Cann's Motion to Dismiss should be denied as to Brailey's FDCPA claims under § 1692e(11) and 1692(g), and those claims should remain pending so as to allow prompt amendment.

### III. Claim asserted under the TCPA

Brailey alleges that Cann violated § 227(b)(1)(A) of the TCPA when it placed a call to his cellular telephone on March 25, 2014.

The TCPA provides, in relevant part:

> It shall be unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

---

[5] *See Thompson v. Diversified Adjustment Serv., Inc.*, 2013 WL 3973976 (S.D. Tex. 2013) (and cases cited therein); *see also Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270–71 (11th Cir. 2011).
Although the court recognizes that a debt collector such as Cann may avoid liability under the FDCPA if it demonstrates by a "preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error", the requisite showing required for this affirmative defense has not been made in this Rule 12(b)(6) motion. *See* 15 U.S.C. § 1692k(c).

>common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1). An ATDS, for purposes of the TCPA, is a device with "the capacity to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers." 47 U.S.C. § 227(a)(1).

Cann argues that Brailey's TCPA claim should be dismissed because it merely alleges, in conclusory fashion, that Cann used an "automatic telephone dialing system" and contains no factual allegations permitting that an inference. Brailey did not address this argument in his Opposition.

Cann is correct that Brailey must do more than simply parrot the statutory language. *Coleman*, 745 F.3d at 763 *quoting Iqbal*, 556 U.S. at 678 *quoting Twombly*, 550 U.S. at 555; *Baranski v. NCO Financial Systems, Inc.,* 2014 WL 1155304, *6 (E.D. N.Y. 2014). Although there is no binding precedent in this Circuit, the vast majority of courts to have considered the issue have found that "[a] bare allegation that defendant[] used an ATDS is not enough." *Baranski,* 2014 WL 1155304 at *6 *quoting Jones v. FMA Alliance Ltd.*, 2013 WL 5719515, at *1 (D. Mass. 2013) and *citing Gragg v. Orange Cab Co.*, 942 F.Supp.2d 1111, 1114 (W.D. Wash. 2013), *Johansen v. Vivant, Inc.*, 2012 WL 6590551, *2–3 (N.D. Ill. Dec. 2012), *Kramer v. Autobytel, Inc.*, 759 F.Supp.2d 1165, 1171 (N.D. Cal. 2010) and *Abbas v. Selling Source, LLC*, 2009 WL 4884471, *3 (N.D. Ill. 2009). Such an allegation is "a bare legal conclusion entitled to no weight." *Id. quoting Abbas*, 2009 WL 4884471, at *3.

Brailey need not plead "specific technical details" regarding Cann's use of an ATDS, but he must at least describe, in laymen's terms, the facts about the call or the circumstances surrounding the call that make it plausible that the call was made using an ATDS. *Id. citing Johansen*, 2012 WL 6590551, at *3. Courts rely on facts that permit an inference that the calls were made using an ATDS "such as the content of the message, the context in which it was received, and the existence of similar messages. . . ." *Id; Jones*, 978 F.Supp.2d at 87. The use of an ATDS can be plausibly inferred from allegations regarding, for example, "the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the 'person' calling him, [or] the generic content of the message he received." *Baranski,* 2014 WL 1155304 at *6 *quoting Johansen*, 2012 WL 6590551, at *3. Brailey makes no such allegations. Furthermore, given that no message was apparently left by Cann, he cannot even allege that he received a prerecorded message, or a message from a robotic sounding voice. Thus, amendment would be futile.

In sum, Brailey's lack of opposition to the instant Motion, when viewed in conjunction with Brailey's failure to allege anything about the call he received to suggests the use of an ATDS, require dismissal of Brailey's TCPA claim. Brailey's allegations are simply insufficient to make Brailey's TCPA claim plausible on its face. Accordingly, Brailey's TCPA claim must be dismissed.

## CONCLUSION

For the foregoing reasons, it is recommended that the Motion to Dismiss be **granted in part and denied in part** and, accordingly, all of Brailey's claims except his FDCPA claims under § 1692e(11) and 1692(g), pending the filing of an amended complaint, should be **dismissed with prejudice**. It is further recommended that the plaintiff be given fifteen (15) days within which to amend his pleadings in comformity with this report and recommendation.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 5th day of December, 2014, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT
DATE: 12/5/2014
BY: cgg
TO: RFD